E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

January 07 2021 8:30 AM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-04069-3

PIERCE COUNTY SUPERIOR COURT
STATE OF WASHINGTON

| MELISSA KOPICK, | CAUSE NO. |
|---|---|
| Plaintiff, | COMPLAINT |
| vs. | |
| MULTICARE HEALTH SYSTEMS | |
| Defendant. | |

COMES NOW the Plaintiff, Melissa Kopick, by and through her attorney of record, Richard Wooster of the law firm of Kram & Wooster, P.S., for cause of action against the Defendants complain and allege as follows:

# I. JURISDICTION AND VENUE.

1.1 Plaintiff Melissa Kopick ("Plaintiff" or "Kopick") is a resident of Pierce County and all of the acts complained of herein are believed to have occurred in Pierce County.

1.2 Defendant Multicare Health Systems ("Multicare") " is a nonprofit Washington Corporation that provides health care services. MultiCare transacts business in Pierce

COMPLAINT -Page 1

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

County and advertises in Pierce County. MultiCare transacted business in Pierce County regarding the subject out of which this dispute arose

1.3 Venue is proper in Pierce County pursuant to RCW 4.12. 025.

## II. FACTUAL BACKGROUND.

2.1   Plaintiff was initially employed by Multicare as a medical receptionist in the Orthopedics office. She performed her duties well in that department. She started her duties with Multicare in April 2016.

2.2   Plaintiff suffers from several disabilities that interfere with her activities of daily living. However, with reasonable accommodation she has been able to work productively.

2.3   Plaintiff's medical conditions require frequent medical appointments that require brief absences from work and a need to be close to her physicians to avoid significant absence from work. Plaintiff used intermittent Family Medical Leave Act (FMLA) leave for her absences.

2.4   Plaintiff applied for a position in the Behavioral Health unit at Multicare in September 2017 and was hired into that position.

2.5   Unfortuneatly, Plaintiff's PTSD arising from a childhood trauma was triggered by the frequent necessity of her new position in the Behavioral Health unit for her to interact with person in extreme emotional stress, including patients expressing suicidal idiations or engaging in threatening behaviors. As a result of the stress of these encounters Plaintiff's PTSD was triggered on an ongoing basis and the stress from that condition impacted other fragile health conditions.

2.6   Plaintiff requested that Multicare find her a position where she did not have to work in Behavioral Health, also located near her residence in Puyuallup,

COMPLAINT -Page 2

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

Washington that would allow her to continue to be in close proximity to her medical appointments.

2.7    Multicare has a legal duty and obligation to make reasonable accommodations for Plaintiff's disabilities. That duty includes the obligation to find an alternate employment position as a form of reasonable accommodation and to actively assist Plaintiff in that regard. Even though Multicare had a vacancy in the Orthopedic Department where Plaintiff had previously been successful, Multicare did not offer that job to her. Multicare Human Resources Personnel became hostile and obstructive toward Plaintiff and her requests for reasonable accommodation. Although they did allow her to apply for other jobs notwithstanding a negative performance evaluation from her supervisor at Behavioral Health. She was told to search Multicare's job portal to look for open positions for which she might apply and then compete for the job. Plaintiff did this but was not offered an alternate position and no other assistance was provided to her to find an alternate position.

2.8    Despite the deterioration of Plaintiff's health, she was asked to stay on in Behavioral Health because they purportedly could not fill her position.

2.9    Plaintiff filed an internal grievance under Multicare's personnel rules trying to elevate her issue to a level where she could get active assistance finding a position within the vast Multicare organization that did subject her to daily triggers of her PTSD and other adverse health effects. No action was taken on that grievance and Ms. Kopick's concerns appeared to have been ignored.

2.10   Ms. Kopick filed a charge of discrimination with the Washington Human Rights Commission. As the process dragged on Ms. Kopick requested the charge be withdrawn and a Notice of Right to Sue be issued to allow her to pursue her claims privately with her own attorney. That Notice of Right to Sue was issued on

COMPLAINT - Page 3

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

November 9, 2020. This action was filed and/or served within 90 days of that Notice of Right to Sue.

2.11 As a result of Multicare's failure to make reasonable accommodations for Plaintiff, Plaintiff had to leave her employment with Multicare working in the Behavior Health department. Plaintiff was constructively discharged.

2.12 As a result of Defendant's conduct, Plaintiff has suffered significant economic and non-economic damages in an amount to be proved at trial. Such economic damages include, but are not limited to, include loss of wages, both back pay and front pay, loss of benefits including vacation pay, health care benefits, sick leave, holidays, etc. She experience a loss of interest on such earnings and funds paid to replace such benefits as the employer would have provided. She suffered non-economic damages including, but not limited to loss of professional standing, deterioration of relevant skills, deterioration of physical ability to perform physical tasks, emotional distress, humiliation, loss of enjoyment of life, prolonged exclusion from the job market, and anxiety.

2.13 Such damages were proximately related to the unlawful conduct of Defendant.

2.14 Plaintiff has diligently mitigated her damages by seeking alternate employment.

2.15 Defendant acted with malice and or reckless disregard for Plaintiff's federally protected rights. As a result of Defendant's deliberate and indifferent conduct described herein, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

2.16 Defendant employees more than five hundred employees.

### III. CAUSES OF ACTION AND PRAYER FOR RELIEF.

3.1 Plaintiff is entitled to payment from and judgment against Defendant pursuant the following claims:

COMPLAINT -Page 4

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

3.1.1   Unlawful discrimination because of Kopick's disability in violation of the Washington Law Against Discrimination, RCW 49.60 *et seq.* (WLAD) and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*,

3.1.2   Unlawful interference and retaliation against Kopick for her use of Family Medical Leave under State and Federal laws, RCW 49.78 *et seq.* and 29 U.S.C. §2611 *et seq.*

## Prayer for Relief

WHEREFORE, Plaintiff prays for Judgment as follows:

1. For economic damages suffered as the result of Plaintiff's wrongful termination/constructive discharge in an amount to be proved at the time of trial, including back pay, front pay, loss of benefits, attorney fees, interest and expenses associated with mitigation of damages.

2. For an award of non-economic damages in an amount to be proved at the time of trial.

3. For punitive damages as provided by the Americans with Disabilites Act, as amended.

4. That the Plaintiff be granted leave to amend this complaint to assert such other claims as may be established through discovery, including but not limited to claims under the Employee Retirement Income Security Act.

5. For such other and further relief in favor of Plaintiff as the court deems just and equitable, including but not limited to the equitable remedies.

6. That these Pleadings be deemed to conform to the proof presented at the time of trial.

7. For an award of attorneys' fees, costs, including expert witness fees, mitigation of tax impacts and such other relief as me by allowed by law.

DATED this 6th day of January 2021.

COMPLAINT - Page 5

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

KRAM & WOOSTER, P.S.

*[signature]*

Richard H. Wooster, WSBA #13752
Attorneys for Plaintiff

*Kopic*

COMPLAINT -Page 6

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile